EXHIBIT A

TRUSTEE'S AFFIDAVITS OF SERVICE ON DECEDENT OF BANKRUPTCY
PROCEEDINGS AND BAR DATES AFTER DECEDENT DIED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                  : Chapter 11
                                                        :
SAINT VINCENTS CATHOLIC MEDICAL                         : Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.,                            :
                                                        :
                          Debtors.                      : Jointly Administered
                                                        :
--------------------------------------------------------X

**NOTICE OF DEADLINE FOR FILING OF ADMINISTRATIVE
EXPENSE CLAIMS THAT AROSE, ACCRUED, OR OTHERWISE BECAME
DUE AND PAYABLE ON AND BETWEEN JUNE 1, 2011 AND APRIL 30, 2012**

TO ALL CREDITORS, PARTIES IN INTEREST AND GOVERNMENTAL UNITS THAT MAY HAVE AN ADMINISTRATIVE EXPENSE CLAIM AGAINST SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK ("SVCMC") OR ITS AFFILIATED ENTITIES¹ (COLLECTIVELY, THE "**DEBTORS**") THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

PLEASE TAKE NOTICE, that the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has entered an order dated April 27, 2012 [Docket No. 2860] (the "**Second Administrative Bar Date Order**") establishing <u>May 22, 2012</u> at 4:00 p.m. (prevailing Eastern Time) (the "**Second Administrative Bar Date**") as the last date and time for certain persons or entities (including, without limitation, individuals, partnerships, joint ventures, corporations, estates, and trusts) to file requests for allowance and payment of administrative claims against the Debtors for the period from June 1, 2011 through April 30, 2012 (the "**Second Administrative Expense Period**"), including claims entitled to priority in accordance with sections 503(b) and 507(a) of the Bankruptcy Code (the "**Administrative Expense Claims**"). Such Administrative Expense Claims will be deemed **filed only when they are actually received.** With respect to any Administrative Expense Claims that arose, accrued, or otherwise became due and payable on or after May 1, 2012, the Court will fix a supplemental bar date. You will receive notice of that date at a later time.

1.      **WHO MUST FILE A PROOF OF ADMINISTRATIVE CLAIM**

If you have an administrative expense claim that: (a) arose under 11 U.S.C. §§ 503(b) and 507(a)(1), (b) between June 1, 2011 and April 30, 2012, and (c) is not one of the types of claims described in section 2 below, you MUST timely file a request for allowance and payment of such claims to share in distributions from the Debtors' bankruptcy estate. Administrative expense claims based on acts or omissions of the Debtor that occurred between June 1, 2011 and April 30, 2012, must be filed on or prior to the Second Administrative Bar Date even if such claims are not now fixed, liquidated or certain, or did not mature or become fixed or liquidated or certain before April 30, 2012.

Under 11 U.S.C. § 101(5) and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 503 defines administrative expense claims, in part, as "all necessary costs and expenses" of preserving the debtor's estate, including wages, salaries and commissions (and any taxes withheld from such wages, salaries or commissions)." If you: (a) supplied goods or services to the Debtor, (b) during the period from June 1, 2011 through April 30, 2012, and (c) have not been paid for those goods or services, then you may have an administrative claim. If you provided goods or services before April 14, 2010, then you do not have an administrative claim for those goods or services. If you provided goods or services between April 15, 2010 and May 31, 2011, you may not file an administrative claim. Please consult your legal advisor if you have any uncertainty as to whether your proposed claim may constitute an administrative claim. The preceding explanation is intended to provide guidance, not to serve as legal advice.

2.      **ENTITIES THAT DO NOT NEED TO FILE A PROOF OF ADMINISTRATIVE CLAIM**

¹ In addition to SVCMC, the Debtors are as follows: (i) 555 6th Avenue Apartment Operating Corporation; (ii) Bishop Francis J. Mugavero Center for Geriatric Care, Inc.; (iii) Chait Housing Development Corporation; (iv) Fort Place Housing Corporation; (v) Pax Christi Hospice, Inc; (vi) Sisters of Charity Health Care System Nursing Home, Inc. d/b/a St. Elizabeth Ann's Health Care & Rehabilitation Center; (vii) St. Jerome's Health Services Corporation d/b/a Holy Family Home; and (viii) SVCMC Professional Registry, Inc. There are certain affiliates of SVCMC who are not Debtors.

Notwithstanding the foregoing, at this time, you need not file a proof of administrative claim on or before the Second Administrative Bar Date if you are:

(a)     Any person or entity that holds an Administrative Expense Claim that has been allowed by an order of the Bankruptcy Court entered on or before the Second Administrative Bar Date;

(b)     Any holder of an Administrative Expense Claim which accrued during the Second Administrative Expense Period who, prior to the Second Administrative Bar Date, already filed a proof of Administrative Expense Claim with the Clerk of the Bankruptcy Court;

(c)     Any Administrative Expense Claim held by the Office of the United States Trustee under section 1930(a)(6) of title 28, United States Code;

(d)     Any professionals retained by the Debtors or the unsecured creditors committee under Court order pursuant to sections 327, 328, 330, 331, 332, 333, or 1103 of the Bankruptcy Code;

(e)     Any Administrative Expense Claim held by General Electric Capital Corporation or any other party arising out of the DIP credit agreement or the prepetition credit agreement under which General Electric Capital Corporation served as agent;

(f)     Any postpetition claims of vendors arising in the ordinary course of business with the Debtors relating to the Debtors' operations in connection with the US Family Health Plan;

(g)     Any Administrative Expense Claim held by the Debtors' officers, directors, and crisis managers; and

(h)     Any Manhattan Hospital Tail Claim or Westchester Hospital Tail Claim.[2]

THE SECOND ADMINISTRATIVE BAR DATE ALSO DOES NOT APPLY TO CLAIMS THAT AROSE BEFORE APRIL 14, 2010 OR BETWEEN APRIL 15, 2010 AND MAY 31, 2011. IF YOUR CLAIM AROSE BEFORE APRIL 14, 2010 OR BETWEEN APRIL 15, 2010 AND MAY 31, 2011, THIS NOTICE DOES NOT AFFECT YOU, AND YOU DO NOT NEED TO FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM.

YOU SHOULD NOT FILE AN ADMINISTRATIVE PROOF OF CLAIM FORM IF YOU DO NOT HAVE AN ADMINISTRATIVE CLAIM AGAINST THE DEBTORS, OR IF THE ADMINISTRATIVE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN PAID IN FULL.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID ADMINISTRATIVE CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.

3.     WHEN AND WHERE TO FILE

Except as provided for herein, all original Administrative Proof of Claim Forms (and, where necessary, accompanying documentation) must be filed so as to be received on or before May 22, 2012, at 4:00 p.m. (prevailing Eastern Time), at the following address:

| IF SENT BY FIRST-CLASS MAIL: | IF BY HAND DELIVERY OR OVERNIGHT MAIL: |
| --- | --- |
| Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC Grand Central Station, P.O. Box 4834 New York, NY 10163-4834 | Saint Vincents Catholic Medical Centers of New York (2010) - Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 757 Third Avenue, 3rd Floor New York, NY 10017 |

4.     WHAT TO FILE

---

[2] A Tail Claim shall have the meaning ascribed to it in the settlement establishing the Tail Fund approved by the Court on October 29, 2010 [Docket No. 1066] and the settlement establishing the Westchester Tail Fund approved by the Court on September 22, 2011 [Docket No. 2027].

All requests for allowance and payment of administrative claims must include all documents establishing the alleged claimant's right to such administrative claim and all corresponding documents proving the administrative nature of the claim. Administrative Expense Claim forms may be obtained from SVCMC's website at http://www.svcmcrestructuring.com or by calling 866-778-1023.

Any holder of an Administrative Expense Claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers appears at the end of this Notice.

5.    CONSEQUENCES OF FAILURE TO FILE AN ADMINISTRATIVE CLAIM BY THE SECOND ADMINISTRATIVE CLAIMS BAR DATE

Except with respect to claims of the type set forth in section 2 above, any holder of an administrative claim who fails to properly file a request for allowance and payment of such administrative claim, with appropriate supporting documentation, on or before the Administrative Claim Bar Date for any Administrative Claim against the Debtors will be forever barred, estopped, and enjoined from asserting such claim against the Debtor, its estate or its property, and the Debtor's estate, and the potential claimant shall not be permitted to discharged from any and all indebtedness or liability with respect to such claim, and the potential claimant shall not be permitted to participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

6.    The Debtors reserve the right to dispute, or to assert offsets or defenses against, any filed Administrative Proof of Claim as to nature, amount, liability, priority, classification or otherwise.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE PROOF OF CLAIM.

Questions concerning this Notice should be directed to the Debtors' claims agent, Epiq Systems at 866-778-1023.

Dated:    April 27, 2012
          New York, New York

BY ORDER OF THE COURT

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
P. Bradley O'Neill
Gregory G. Plotko
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
*Counsel for Debtors and Debtors in Possession*

**EXHIBIT E**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
SAINT VINCENTS CATHOLIC MEDICAL               :    Case No. 10-11963 (CGM)
CENTERS OF NEW YORK, et al.                   :
                                              :    Jointly Administered
          Debtors.                            :
                                              :    Ref. Docket Nos. 3067 & 3069
---------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

PETE CARIS, being duly sworn, deposes and says:

1.  I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On July 3, 2012, I caused to be served the following:

    a)  "Notice of Entry of Order Confirming Debtors' Second Amended Joint Chapter 11 Plan," dated June 29, 2012 [Docket No. 3067], and

    b)  "Notice of Effective Date of the Debtors' Second Amended Joint Chapter 11 Plan," dated June 29, 2012 [Docket No. 3069],

    by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those additional parties identified on the annexed Exhibit A.

T:\Clients\SV2\Affidavits\Ntc Confirmation & Ntc Effective Date_DI 3067 & 3069_AFF_7-3-12_KH.docx

3.  All items served by mail or overnight courier included the following legend affixed on the envelope: "LEGAL DOCUMENTS ENCLOSED: PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

/s/ *Pete Caris*
Pete Caris

Sworn to before me this
3rd day of July, 2012
/s/ *Cassandra Murray*
Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

-2-

T:\Clients\SV2\Affidavits\Ntc Confirmation & Ntc Effective Date_DI 3067 & 3069_AFF_7-3-12_KH.docx

EXHIBIT A



SAINT VINCENTS CATHOLIC MEDICAL CTR 2010

SERVICE LIST

Address Information

Claim Name

1740 84TH STREET BROOKLYN NY 11214

BROPHY, RONALD

PAGE 223 OF 1623

EPIQ BANKRUPTCY SOLUTIONS, LLC